**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4408**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ORLANDO MARVEL COOPER, a/k/a Orlando Marvel Horton,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00123-NCT-1)

Submitted:  September 1, 2009          Decided:  October 14, 2009

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Marvel Cooper, a/k/a Orlando Marvel Horton ("Horton")[1], appeals his convictions for possession of ammunition by a convicted felon ("Count One") and possession of firearms by a convicted felon ("Count Two"), both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006), and making false statements to a government agent (Count Three") in violation of 18 U.S.C. § 1001(a)(2) (2006).

Horton was convicted of Count Three after his first trial, at which a mistrial was declared as to Counts One and Two because the jury was unable to reach a verdict as to those counts. He was convicted on Counts One and Two following a second trial. Horton argues on appeal that his trial counsel at his first trial was ineffective for withdrawing his motion to suppress evidence, consisting of firearms and ammunition, that was located during a search, because he contends that he did not consent to the search. Horton also argues that counsel at his second trial was ineffective because he did not object to the presentation of evidence regarding his false statements to a Government agent at his second trial, because it was not

---

[1] Appellant has been variously referred to as Cooper and Horton.

relevant to the issues of his possession of firearms and ammunition.

We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To establish a violation of the Sixth Amendment due to ineffective assistance of counsel, Horton must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that he was prejudiced by counsel's unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Under the first prong of Strickland, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. Id. If Horton cannot show prejudice, this Court need not consider the reasonableness of his counsel's performance. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

The record does not conclusively establish that Horton's counsel was ineffective with respect to either issue he raises on appeal. Two police officers testified at trial that Horton consented to the search of his person and belongings.

Horton and his girlfriend, Sunni Chambers, testified that they did not voluntarily consent to the search. However, it is unlikely that the latter testimony would have been found more credible at a hearing on the motion to suppress, in light of extensive evidence presented at trial, in the form of recordings of telephone conversations between Horton and Chambers while Horton was in prison awaiting trial, in which they discussed their plans for Chambers to present false affidavits and testimony to prosecutors and the court in this case. Similarly, even assuming that Horton's counsel could have successfully excluded the evidence of his false statements to Government agents at his second trial, it does not appear that the evidence prejudiced him in any way, because his credibility would still have been seriously undermined by the evidence of his telephone conversations with Chambers.

Because ineffectiveness of counsel at either Horton's first or second trials does not conclusively appear on the record, we cannot consider Horton's claims on direct appeal. Instead, Horton must pursue any claims of ineffectiveness of counsel, should he be so advised, in an appropriate proceeding for post-conviction relief. Accordingly, we affirm the district court's judgment. We deny Horton's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED